989 F.2d 496
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Sharaab A. HARRISON, a/k/a Ralik Ali Bone, Defendant-Appellant.
 No. 92-5627.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: March 1, 1993
Decided: March 19, 1993
 
 Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. Norwood Carlton Tilley, Jr., District Judge. (CR-92-55-G)
 Richard A. Elmore, PFAFF, ELMORE, & ALBRIGHT, Greensboro, North Carolina; Susan Hayes, Greensboro, North Carolina, for Appellant.
 Robert H. Edmunds, Jr., United States Attorney, Paul A. Weinman, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.
 M.D.N.C.
 AFFIRMED.
 Before WIDENER, HAMILTON, and WILLIAMS, Circuit Judges.
 PER CURIAM:
 
 OPINION
 
 1
 Sharaab A. Harrison, whose true name is Maurice Laverne Harrison, entered a guilty plea to a one-count indictment charging him and co-defendant Perry King with more than fifty grams of cocaine base, or crack cocaine (21 U.S.C.A. § 841 (West 1981 & Supp. 1992), 18 U.S.C. § 2 (1988)). He appeals his sentence, alleging that the district court clearly erred in determining his base offense level and in denying him a reduction for acceptance of responsibility. United States Sentencing Guidelines, Guidelines Manual,ss 2D1.1(c), 3E1.1 (Nov. 1991). We affirm.
 
 
 2
 Harrison contends that the district court erroneously found him accountable for all the drugs found in King's house, although he told the court at sentencing that he had gone there to buy only twenty to thirty grams of crack from King. The district court considered Harrison's testimony as well as information given by King at the time of his arrest, in which he named Harrison as the source of the drugs. The court found Harrison's testimony inconsistent and unconvincing.
 
 
 3
 The district court was entitled to consider and credit King's account if it had some minimal indicia of reliability beyond mere allegation. United States v. Hicks, 948 F.2d 877 (4th Cir. 1991). We believe it did. Hicks told the arresting officers that his source, Harrison, would be coming to his house later that evening. On returning to the house, the officers found Harrison and another man on the porch trying to get in. King's information was consistent with Harrison's testimony that they had made trips to New York and to Miami together, and that both had sold drugs. Harrison testified that he had showed King where to buy drugs in New York City, but denied buying drugs with King or for King. When they were arrested, Harrison and King had just returned from a weekend in Miami; Harrison denied buying drugs there, however. On these facts, we cannot say the district court was clearly erroneous in discrediting Harrison's testimony and finding that he was accountable for the drugs in King's house. U.S.S.G. § 1B1.3(a)(1).
 
 
 4
 Because he had concealed his true identity from the time of his arrest until his interview with the probation officer, Harrison received an adjustment for obstruction of justice. The commentary to section 3E1.1 (Acceptance of Responsibility) instructs that a defendant who obstructs justice usually has not accepted responsibility for his criminal conduct, unless there are extraordinary circumstances. We perceive none here, and thus the district court did not clearly err in denying Harrison a reduction for acceptance of responsibility.
 
 
 5
 We therefore affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED